In re:                                                                                          Case No. 20-00829-HWV

Boraseth I. Tum                                                                          Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1                          User: AutoDocke                                    Page 1 of 2

Date Rcvd: Sep 12, 2023                    Form ID: pdf010                               Total Noticed: 3

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+              Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 14, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| 5328449 | + | Dauphin County Domestic Relations, PO Box 1295, Harrisburg, PA 17108-1295 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5308612 | + | Email/Text: cashiering-administrationservices@flagstar.com | | |
| | | | Sep 12 2023 18:41:00 | Flagstar Bank, Attn: Bankruptcy, 5151 Corporate Drive, Troy, MI 48098-2639 |
| 5345934 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | | |
| | | | Sep 12 2023 18:41:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, PA 17128-0946 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 14, 2023                          Signature:         /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 12, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brian C Nicholas | |
| | on behalf of Creditor FLAGSTAR BANK bnicholas@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Brian C Nicholas | |
| | on behalf of Creditor FLAGSTAR BANK  FSB bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com |

Denise E. Carlon

     on behalf of Creditor FLAGSTAR BANK  FSB bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com

Jack N Zaharopoulos

     TWecf@pamd13trustee.com

James K Jones

     on behalf of Debtor 1 Boraseth I. Tum jkj@cclawpc.com  jbartley@cclawpc.com;jlaughman@cclawpc.com;rec@cclawpc.com

Mario J. Hanyon

     on behalf of Creditor FLAGSTAR BANK  FSB wbecf@brockandscott.com, mario.hanyon@brockandscott.com

Robert E Chernicoff

     on behalf of Debtor 1 Boraseth I. Tum rec@cclawpc.com  jbartley@cclawpc.com;jlaughman@cclawpc.com;jkj@cclawpc.com

Thomas Song

     on behalf of Creditor FLAGSTAR BANK  FSB tomysong0@gmail.com

United States Trustee

     ustpregion03.ha.ecf@usdoj.gov

TOTAL: 9

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CASE NO. 1:bk-20-00829-HWV |
| BORASETH I. TUM | : | |
| Debtor | : | CHAPTER 13 |
| | : | |
| BORASETH I. TUM | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| DAUPHIN COUNTY DOMESTIC | : | |
| RELATIONS SECTION, FLAGSTAR | : | |
| BANK, PENNSYLVANIA | : | |
| DEPARTMENT OF REVENUE, | : | |
| and | : | |
| JACK N. ZAHAROPOULOS, ESQUIRE | : | |
| Respondents | : | |

## ORDER APPROVING SALE OF REAL PROPERTY
### (3820 Dora Drive, Harrisburg, Pennsylvania)

Upon consideration of the Motion of Boraseth I. Tum ("Debtor") for the entry of an order authorizing sale of the real estate situate at 3820 Dora Drive, Harrisburg, Pennsylvania ("3820 Dora Drive") (the "Motion"), Doc. 129,

**THE COURT FINDS AND CONCLUDES THAT:**

A.    Notice regarding the Motion and the hearing thereon has been due and sufficient in content, timing, and service in accordance with the Bankruptcy Code and the Bankruptcy Rules. As evidenced by the certificates of service filed with the Court, and based on the record before this Court, and further based upon representations of counsel at the hearing:  proper, timely, adequate and sufficient notice of the Motion, the hearing regarding the Motion, and the proposed transfer of 3820 Dora Drive therein referenced, has been provided to all creditors and interested parties in the Debtor's above-referenced Chapter 13 case.  Such notice was good and sufficient and appropriate under the particular circumstances in accordance with Code Sections 102(1) and 363, and

Bankruptcy Rules 2002, 6004, 6006, 9013, and 9014, and no other or further notice of the proposed sale, the Motion, or the Hearing is required.

B. Reasonable opportunity to object to, or be heard regarding, the relief requested in the Motion has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interests in or liens against 3820 Dora Drive. No party has objected to the Motion.

**THEREFORE, IT IS ORDERED THAT:**

1. The Findings of Fact set forth above are ratified and adopted as findings of the Court.

2. Debtor has complied with all provisions of the Bankruptcy Code and Bankruptcy Rules in connection with the Motion.

3. The sale of 3820 Dora Drive does not violate any provision of the Bankruptcy Code.

4. The Debtor is authorized to sell 3820 Dora Drive as set forth in the parties' Standard Agreement for the Sale of Real Estate. The Debtor is authorized to execute all documents in connection with the sale.

5. As provided herein the Sale Transaction is hereby approved pursuant to Code Sections 105(a) and 363(b).

6. Debtor shall obtain from Flagstar Bank a full pay-off of its mortgage lien on the property. Debtor shall not complete the transaction if there are insufficient funds to pay Flagstar Bank's lien in full. Debtor shall remit to Flagstar Bank sufficient funds to pay its lien in full within twenty-four (24) hours of closing.

7. Debtor is authorized to execute, deliver, exchange, and perform under all documents necessary or appropriate to consummate sale and transfer of 3820 Dora Drive to the Buyer.

8. Debtor is authorized to pay costs and expenses associates with the sale of 3820 Dora Drive as follows:

a. Any notarization or incidental filing charges required to be paid by Debtor as seller;

b. All other costs and charges apportioned to Debtor as seller, including but not limited to, real estate agent's commission; and

c. All costs associated with the preparation of the conveyance instruments and normal services with respect to closing, including payment of $3,500.00 for legal fees and expenses owed to Cunningham, Chernicoff & Warshawsky, P.C., and case professionals, or to be owed to Cunningham, Chernicoff & Warshawsky, P.C. and other professionals in the case, in connection with implementation of the sale, the presentation and pursuit of this Motion, consummation of closing, and otherwise in connection with this case. All fees and expenses payable to Cunningham, Chernicoff & Warshawsky, P.C. and other professionals shall be subject to such approval as the Bankruptcy Court may require. If any fees and/or expenses have not been approved by the Bankruptcy Court at the time of closing, then an estimated sum shall be escrowed at closing pending application to the Bankruptcy Court for approval of such fees. Upon approval of any fees and expenses by the Bankruptcy Court, funds in such amount may be distributed from escrow.

9. Flagstar Bank is directed to prepare and record promptly after the closing of sale of 3820 Dora Drive, releases of such Liens and Claims reasonably satisfactory to the Buyer upon receipt of sufficient funds to pay its mortgage lien in full.

10. Nothing herein shall work to the prejudice of the rights of the Debtor or any party-in-interest to object to any claim(s) filed in this bankruptcy case.

11. The Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto and any waivers or consents thereunder and of each of the agreements, instruments, and documents executed in connection therewith; (b) to enforce this Order and to bar the enforcement of any Liens and Claims or other liabilities, except as otherwise assumed, against Buyer or the Sale Assets; (c) to compel delivery of the Assets to the Buyer; or (d) to interpret, implement, and enforce the provisions of this Order.

12. This Order shall be effective immediately upon its entry, and the stay imposed by Bankruptcy Rule 6004(g) is declared inapplicable and waived.

By the Court,

Henry W. Van Eck, Chief Bankruptcy Judge
Dated: September 12, 2023